**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

AIDA ESTIFANOS, an individual;,

Plaintiff,

v.

AIRPORT MANAGEMENT SERVICES, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,

Defendant.

AIRPORT MANAGEMENT SERVICES, LLC, a Delaware limited liability company,

Counter-Complainant,

v.

AIDA ESTIFANOS, an individual, and DOES 1 through 50, inclusive,

Counter-Defendant.

Case No.: 3:20-cv-02463-BEN-WVG

**ORDER GRANTING SETH E. TILLMON'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF & COUNTER-DEFENDANT AIDA ESTIFANOS**

**[ECF No. 11]**

## I. <u>INTRODUCTION</u>

Plaintiff/Counter-Defendant Aida Estifanos ("Plaintiff") brings this action against Defendant/Counter-Complainant AIRPORT MANAGEMENT SERVICES,

LLC, a Delaware limited liability company ("Defendant") for various alleged violations of California's wage and hour laws. ECF No. 1-3 at 6, 10. Defendant counterclaims that Plaintiff ran a fraudulent scheme while working for Defendant, and in doing so, misappropriated Defendant's funds. ECF No. 4 at 2, ¶ 4.

Before the Court is Seth E. Tillmon's Motion to Withdraw as Counsel of Record for Plaintiff (the "Motion"). ECF No. 11. After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** the Motion.

## II. BACKGROUND

### A. Statement of Facts

Plaintiff alleges that Defendant employed from April 14, 2014 through May 31, 2020. ECF No. 1-3 at 6:10-11. Her duties included opening all seven of Defendant's stores that it operates within the San Diego International Airport; ordering merchandise; operating the cash register; communicating with other employees; setting up displays; and retrieving merchandise from storage and delivering it to the various stores. *Id.* at 6:14-7:3. Plaintiff alleges that during her employment, Defendant regularly engaged in behavior that violated California's wage and hour laws. *Id.* at 10:8-11:3. However, Defendant alleges that "while Plaintiff claims to have been working without proper compensation or without breaks, she actually was not performing labor on behalf of [Defendant]." ECF No. 4 at 2, ¶ 4. Rather, Defendant alleges that she was devoting her time and efforts to misappropriating Defendant's funds through a scheme involving processing fraudulent voids and returns. *Id.*

### B. Procedural History

On November 13, 2020, Plaintiff filed suit in the San Diego Superior Court, alleging causes of action for (1) failure to pay minimum wage, Cal. Lab. Code § 1197; (2) failure to pay wages, including overtime compensation, Cal. Lab. Code §§ 204, 510, 1194; (3) recovery of statutory liquidated damages for failure to pay minimum wage, Cal. Lab. Code § 1194.2; (4) failure to provide meal periods, Cal. Lab. Code §§ 226.7, 512; (5) failure to provide rest periods, Cal. Lab. Code § 226.7; (6) failure to furnish accurate

wage statements, Cal. Lab. Code § 226; (7) failure to pay wages following employment severance, Cal. Lab. Code §§ 201-203; and (8) violation of California's Unfair Business Practices Law, Cal. Bus. & Prof. § 17200, *et seq*. *See* ECF No. 1 at 2, ¶ 1; *see also Aida Estifanos v. Airport Management Services, LLC; DOES 1 through 50, inclusive*, Case No. 37-2020-00041663-CUOE-CTL. On November 17, 2020, Plaintiff served Defendant with the Complaint. *Id.* at 2, ¶ 2.

On December 17, 2020, Defendant filed an Answer to the Complaint. ECF No. 1-3 at 34-40; *see also* ECF No. 2. On December 17, 2020, Defendant filed a Notice of Removal. ECF No. 1.

On January 7, 2021, Defendant filed counterclaims against Plaintiff for (1) conversion; (2) violation of California Penal Code § 496; (3) money had and received; (4) breach of fiduciary duty; (5) fraud – concealment; and (6) fraud – intentional misrepresentation. ECF No. 4. On February 1, 2021, Plaintiff filed her answer to Defendant's counterclaims. ECF No. 7.

On March 29, 2021, however, Plaintiff's counsel filed a Motion to Withdraw as Counsel of Record. ECF No. 11. In support of this Motion, he submitted a Certificate of Service on Plaintiff by mail, ECF Nos. 12, 13, as well as Defendant's counsel, ECF Nos. 14, 15. On April 13, 2021, Defendant submitted a Notice of Non-Opposition. ECF No. 16.

## III. <u>LEGAL STANDARD</u>

An attorney may not withdraw as counsel except by leave of court, permitting the party to either appear on the party's own behalf or substitute other counsel in as counsel of record. S.D. Cal. Civ. R. 83.3(f)(1); *see also P.I.C. Int'l, Inc. v. Gooper Hermetic, Ltd.*, No. 3:19-CV-00734-BEN-LL, 2020 WL 2992194, at *1 (S.D. Cal. June 4, 2020). Under the Local Rules, "[o]nly natural persons representing their individual interests in propria persona may appear in court without representation by an attorney permitted to practice pursuant to Civil Local Rule 83.3." S.D. Cal. Civ. R. 83.3(k).

A motion to withdraw must (1) be served on the adverse party and moving

attorney's client and (2) include a declaration regarding service of the motion on those parties. S.D. Cal. Civ. R. 83.3(f)(3). "Failure to . . . file the required declaration of service will result in a denial of the motion." S.D. Cal. Civ. R. 83.3(f)(3)(b). California law governs issues of ethics and professional responsibility in federal courts. *See, e.g.*, *Radcliffe v. Hernandez*, 818 F.3d 537, 541 (9th Cir. 2016) ("California law governs questions of conflicts of interest and disqualification"); *see generally* RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 1 cmt. b (2000) ("Federal district courts generally have adopted the lawyer code of the jurisdiction in which the court sits, and all federal courts exercise the power to regulate lawyers appearing before them."); *but see Unified Sewerage Agency of Washington Cty., Oregon v. Jelco, Inc.*, 646 F.2d 1339, 1342 n.1 (9th Cir. 1981) ("We express no opinion on the law to apply where the district court has not designated the applicable rules of professional responsibility (*e.g.*, state law, the Model Code of Professional Responsibility, or a federal common law of professional responsibility)."). Under Rule 1.16 of California's Rules of Professional Conduct, effective June 1, 2020 ("Rule 1.16"), subdivision (a) governs mandatory withdrawal while subdivision (b) governs permissive withdrawal.

"In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; (4) the degree to which withdrawal will delay the resolution of the case." *Garrett v. Ruiz*, No. 11-CV-2540-IEG WVG, 2013 WL 163420, at *2 (S.D. Cal. Jan. 14, 2013); *see also Bernstein v. City of Los Angeles*, No. CV1903349PAGJSX, 2020 WL 4288443, at *1–2 (C.D. Cal. Feb. 25, 2020) (same). There is no danger of prejudice where a hearing date is not immediately set or where litigation is at a relatively nascent stage. *Gurvey v. Legend Films, Inc.*, No. 09-CV-942-IEG (BGS), 2010 WL 2756944, at *1 (S.D. Cal. July 12, 2010). There is also no undue delay where the counsel takes "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client [and] allowing time for employment of other counsel …" Cal. R. Prof. Conduct, Rule 1.16(c).

## IV. DISCUSSION

Under subdivision (b) of Rule 1.16, an attorney may (but not must) withdraw from representing a client where, *inter alia*, (1) the attorney "believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal" or (2) "the lawyer's mental or physical condition renders it difficult for the lawyer to carry out the representation effectively." Cal. R. Prof. Conduct, Rule 1.16(b)(8), (10). Subdivision (c) provides that "[i]f permission for termination of a representation is required by the rules of a tribunal, a lawyer shall not terminate a representation before that tribunal without its permission." Cal. R. Prof. Conduct, Rule 1.16(c). Finally, subdivision (d) requires that "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct, Rule 1.16(d).

Mr. Tillmon submits a thorough and thoughtful Motion to Withdraw as Counsel of Record, seeking to withdraw due, *inter alia*, to his wife's Stage 4 cervical cancer and his need to care for his family while she receives treatment, which make representation of Plaintiff difficult at this time. ECF No. 11 at 3:3-6, 4:20-21. First, Mr. Tillmon advises that his Contingency Fee Agreement with Plaintiff permits him to withdraw from representation. *Id.* at 3: 15-21, 4:3-6. Second, Mr. Tillmon sets forth valid grounds for withdrawal by stating that (1) his understandable stress and anxiety at this time render it difficult for him to effectively represent his client, and (2) he, in good faith, believes the Court will find the existence of good cause for withdrawal. *Id.* at 6:18-7:1. Both of these reasons qualify as grounds for withdrawal under Rule 1.16(b). Third, Mr. Tillmon has taken reasonable steps to avoid prejudicing his client by (1) informing her of his intent to terminate representation; (2) giving her adequate time to find new counsel; (3) working with opposing counsel to schedule Plaintiff's deposition; (4) serving Defendant with Plaintiff's discovery requests; and (5) agreeing to provide Plaintiff with her complete case file upon his withdrawal, if granted. *Id.* at 7:11-22 (citing Declaration of Seth E. Tillmon

in Support of Motion to Withdraw, ECF No. 11-1 ("Tillmon Decl.") at 3-6, ¶¶ 10, 11, 12, 17, 24). Mr. Tillmon advises that there are also "no impending deadlines in the case because fact discovery cut-off is still six months out and the trial isn't expected to be scheduled for another year and a half." *Id.* at 7:18-20 (citing Tillmon Decl., ¶¶ 11, 12); *see Gurvey*, 2010 WL 2756944 (noting that there is no danger of prejudice to a client where litigation is in the early stages, and there are not immediate hearing dates). Mr. Tillmon's Declaration also states that when he informed Plaintiff of his intent to withdraw, she "expressed . . . her assent to [his] withdrawal and further expressed that she would cooperate in effecting [his] withdrawal." Tillmon Decl., ¶ 20.

The Court finds it appropriate to grant this Motion because (1) Mr. Tillmon sets forth valid reasons for withdrawal; (2) the other litigants (*i.e.*, Defendant) will not be prejudiced as they filed a Notice of Non-Opposition to this Motion; (3) the withdrawal will not harm the administration of justice; and (4) withdrawal should not delay resolution of this case. *Garrett*, 2013 WL 163420, at *2. Further, Plaintiff consents to the withdrawal and will not be prejudiced due to the early stage of the case. That being said, in an abundance of caution and in light of the fact that Mr. Tillmon's declaration indicates discovery is ongoing in this case, the Court finds it appropriate to grant a thirty (30) day stay of all deadlines, including to file a motion to compel, in order to allow Plaintiff to find replacement counsel if she chooses to do so. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (noting that a court's power to stay proceedings is incidental to the inherent power to control the disposition of its cases in the interests of efficiency and fairness to the court, counsel, and litigants).

## V. CONCLUSION

For the above reasons, the Court **GRANTS** the Motion as follows:

1. Seth E. Tillmon's Motion to Withdraw as Counsel of Record for Plaintiff is **GRANTED**.

2. Plaintiff may proceed *pro se*, without counsel of record until she finds new representation.

3. The Clerk of Court shall update the docket to reflect the withdrawal of Mr. Tillmon, as counsel of record for Plaintiff.

4. Mr. Tillmon shall immediately serve Plaintiff with a copy of this Order and thereafter file a proof of service to confirm the same.

5. All deadlines in this case are stayed for thirty (30) days or until Friday, May 14, 2021.

**IT IS SO ORDERED.**

DATED: April 14, 2021

**HON. ROGER T. BENITEZ**
United States District Judge